IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TA INSTRUMENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action  95-545 SLR |
| ) | |
| THE PERKIN-ELMER CORPORATION ) | |
| ) | |
| Defendant's. ) | |
| ) | |

**Clerk's Taxation of Costs**

Pending before the court is a Bill of Cost filed by Plaintiff TA Instruments, Inc. ("TA") in accordance with District of Delaware Local Rule 54.1 ("Local Rule")  The Clerk's authority to tax costs is founded in Federal Rule of Civil Procedure 54(d). ("Fed. R. Civ. Proc.")

A jury verdict was entered in the case in favor of TA on October 10, 2002. (DI 501)  Following post trial motions and briefing, final judgment was entered on June 2, 2003 for TA in accordance with the memorandum opinion of Chief Judge Sue L. Robinson. (DI 546, 548) An appeal was filed to the Federal Circuit Court of Appeals by defendant The Perkin-Elmer Corporation ("Perkin") on June 27, 2003. [1]  The decision of the District Court was affirmed by the Federal Circuit and filed with the Court June 1, 2004. A bill of cost was filed by TA on June 7, 2004 pursuant to Local Rule 54.1(a)(1). A memorandum in opposition to the bill of costs was then filed by Perkin under Local

---

[1] A cross appeal filed by TA followed on July 11, 2003 but was dismissed by the parties through agreement on December 12, 2003.

Rule 54.1(a)(3).

It is not disputed TA is the prevailing party in the action and thus entitled to costs under Local Rule 54.1(c). As all filings related to the bill of cost were timely filed pursuant to the local rules and Fed. R. Civ. Proc. 6., the Clerk will tax costs accordingly.

Wherefore the Clerk has considered the submissions of both parties, it is ORDERED that;

I. TA's request for filing fees are granted.

    A. TA seeks to recover the $120.00 filing fee charged by the Clerk in initiating the civil action. TA relies on Title 28 U.S.C. § 1920(1) and Local Rule 54.1(b)(1) as authority to recover these costs.

    B. Perkin does not dispute these costs requested by TA.

    C. The taxing of filing fees is permitted in accordance with 28 U.S.C. § 1920(1) and Local Rule 54.1(b)(1). As Perkin does not object to the taxing of these fees, the Clerk will grant these costs in the amount of $120.00.

II. TA's request for the cost of depositions are denied.

    A. TA is requesting a total of $8,966.97 to cover the costs of 7 original deposition transcripts under LR 54.1(b)(3). The deponents included Jurgen Schawe, Letitia Barrow, Gary Birkmaier, Michael De Vito, John Dwan, Philip Gill, and Simon Babil.

    B. Perkin objects to the recovery of 6 of the deposition costs because a "substantial portion" of each deposition was not admitted at trial as required by the local rules. Perkin also objects to these fees because TA in their bill of costs has not shown the depositions were "used in the resolution of a material issue in the case."

C. Local Rule 54.1(b)(3) states in pertinent part, "the original of a deposition . . . are taxable only where a *substantial portion of the deposition is admitted into evidence at trial* or *otherwise used in the resolution of a material issue in the case.*" (*Emphasis added*)  It has not been shown by TA in their Bill of Costs to the Clerk that either a "substantial portion" was admitted into evidence at trial or that the depositions were used in the resolution of a "material issue" in the case as required under LR 54.1(b)(3).

Further, from the opposition to the Bill of Costs filed by Perkin it is apparent that portions of at least six of the depositions were read into evidence during trial.  Whether the amount of each deposition read into evidence at trial was a "substantial portion" of the entire deposition is a matter for judicial determination.  Similarly, whether the portions read into evidence were used in the "resolution of a material issue in the case" is also for judicial determination.

For the reasons stated above, the Clerk must deny the costs associated with the seven depositions.


III. TA's request for the costs associated with trial witnesses is granted in part.

A.  TA is requesting a total of $2637.80 in costs for the witness fee, mileage, and subsistence of 7 individuals who testified at trial during the civil action.  These costs are requested under LR 54.1(b)(4) and Title 28 U.S.C. § 1821.

B.  Perkin has listed no objection to the receipt of these costs.

C. Local Rule 54.1(b)(4) allows for the taxation of witness, mileage, and subsistence fees under 28 U.S.C. § 1821 "for the reasonable period during which the witness is within the district." For the year 2002, the attendance fee for a witness was

3

$40 per day under 28 U.S.C. § 1821(b). This time period also covers "the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." [28 U.S.C. § 1821(b)] Under 28 U.S.C. § 1821(c)(2), the mileage fee is awarded pursuant to the amount prescribed by the Administrator of General Services ('GSA") as codified in Title 5 U.S.C. § 5704. This amount is $.36/mile as established by GSA in the Federal Travel Regulations under 41 C.F.R. § 301-10.303. The maximum distance recovery allowed is 100 miles each way. A subsistence fee is allowed to a witness "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." [28 U.S.C. § 1821(d)(1)] Section 1821 (d)(2) sets the daily amount recoverable for subsistence to be no more than the amount allowed by GSA under Title 5 U.S.C. § 5702(a). The GSA federal travel regulations, as codified in 41 C.F.R. § 301, have the maximum subsistence rate set at $133.00 per day.

The Clerk notes that the applicable rates for subsistence and mileage during the year 1998 differ than the current rate which has been in effect since 2002. The allowable fee rates for the year 1998 include a maximum subsistence rate of $131.00 per day. There were two mileage rates for the year 1998. Form January 1, 1998 until September 7, 1998, the reimbursement rate was $0.31 per mile and from September 8, 1998 until December 31, 1998, the reimbursement rate was $0.325 per mile. ( see http://www.gsa.gov.) The fee for trial witnesses since 1998 has not changed and was $40 per day during this time period.

The following costs as requested by TA are granted or otherwise denied for

reasons stated in accordance with the rules stated above:

1. <u>Richard Lee</u> -

   | | |
   |---|---|
   | Witness fee (2 days x $40.00) | $ 80.00 |
   | Travel Fee:   1998 ($.31 x 100) | $ 31.00 |
   | 2002 ($.36 x 100) | $ 36.00 |
   | Subsistence: 1998 ($131.00 x 1) | $131.00 |
   | 2002 ($133.00 x 1) | $133.00 |

2. <u>Bernhard Winderlich</u> -

   | | |
   |---|---|
   | Witness fee (3 days x $40.00) | $120.00 |
   | Travel Fee:   1998 ($.31 x 100) | $ 31.00 |
   | 2002 ($.36 x 100) | $ 36.00 |
   | Subsistence[2]: 1998 ($131.00 x 2) | $262.00 |
   | 2002 ($133.00 x 1) | $133.00 |

3. <u>Leonard Thomas</u> -

   | | |
   |---|---|
   | Witness fee (5 days x $40.00) | $200.00 |
   | Travel Fee:   1998 ($.31 x 10) | $   3.10 |
   | 2002 ($.36 x 10 x 4) | $  14.40 |

4. <u>Ray Sims</u> -

   | | |
   |---|---|
   | Witness fee (3 days x $40.00) | $120.00 |
   | Travel Fee:   1998 ($.31 x 100) | $ 31.00 |
   | 2002 ($.36 x 100) | $ 36.00 |
   | Subsistence: 1998 ($131.00 x 1) | $131.00 |
   | 2002 ($133.00 x 2) | $266.00 |

5. <u>Michael Reading</u> -

   | | |
   |---|---|
   | Witness fee (3 days x $40.00) | $120.00 |
   | Travel Fee:   1998 ($.31 x 100) | $ 31.00 |
   | 2002 ($.36 x 100) | $ 36.00 |

---

[2]It is unclear which day of testimony by Mr. Winderlich required the extra day of subsistence as requested by TA.  Therefore, the Clerk will tax this amount at the lowest rate allowable, $131.00 per day for subsistence in 1998.

      Subsistence: 1998  ($131.00 x 2) $262.00
                       2002 ($133.00 x 1)        $133.00

    6. <u>Benjamin Crowe</u> -

        Witness fee (1 day x $40.00)           $ 40.00
          (TA listed $80.00 as the total amount on the Bill of Costs)
        Travel Fee:   1998 ($.31 x 15 x 2)       $  9.30

    7. <u>Philip Gill</u> -

        Witness fee (3 days x $40.00)          $120.00
        Travel Fee:   1998 ($.31 x 25)           $  7.75
                       2002 ($.36 x 25)           $  9.00

IV.  TA's request for trial transcripts is denied.

    A.  TA requests a total of $26,711.00 for the cost of daily trial transcripts for over 4 weeks of trial which occurred in 1998 and 2002.  These fees are requested under LR 54.1 (b)(2) and *B.F. Goodrich Co. v. Aircraft Braking Sys., Corp.* (D. Del. 1996).   TA is seeking the costs of these transcripts as they were "necessary to the resolution of this case".

    B.  Perkin objects to the awarding of these costs because they were neither "requested by the Court, or prepared pursuant to stipulation" as required under LR 54.1(b)(2).  Perkin also argues that the current case is different than the one cited by TA as authority.  Unlike *B.F. Goodrich Co. v. Aircraft Braking Sys., Corp.* (D. Del. 1996), there was no agreement here regarding transcript costs.

    C.  Local Rule 54.1(b)(2) covers Fees Incident to Transcripts and allows "The cost of the originals of a trial transcript" to be taxed "when either requested by the Court, or prepared pursuant to stipulation."  TA provided no proof that the transcripts were

requested by the Court or that a stipulation between the parties for the transcripts was agreed upon. The arguments by both sides regarding the application of the cited case authority is a matter for judicial determination and cannot be decided by the Clerk. Therefore, these costs are denied.

V. TA's request for copies of papers is granted in part.

    A. TA is requesting various costs totaling $11,068.70 for the copying of papers during the pendency of the civil action. TA cites various authorities for these costs which include LR 54.1(b)(5), 28 U.S.C. § 1920(4), and *Schering Corp. v. Amgen, Inc.*, No 96-587 - GMS (D. Del. Jan. 10, 2001).

    B. Perkin objects to only $3,100.15 of the costs requested by TA for "Preparation of courtroom exhibits." Perkin argues that according to an e-mail from A. Baghadi to W. Hanley, these costs were to be removed by TA from consideration under the filed Bill of Costs.

    C. Title 28 U.S.C. § 1920(4) states that the Clerk *may* tax as costs "Fees for exemplification and copies of papers necessarily obtained for use in the case." Local rule 54.1(b)(5) provides specifically what items the Clerk for the Delaware District Court may tax as costs. The requested fees and applicable section of the local rule are described below.

        1. "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. " LR 54.1 (b)(5) TA is requesting $69.76 for copies of exhibits to pleadings required to be filed and served. Under Exhibit 3 to the Bill of Costs, the copies represent appendices

attached to briefs and memoranda in support of various summary judgment motions. Though TA provides no support that the pleadings were required to be filed with the court and served, summary judgement motions are case dispositive in nature and welcomed by the Court. As there are no objections by Perkin to the granting of the fees, these costs are granted.

2. "The cost of one copy of a document is taxable when admitted into evidence in lieu of an original which is either not available for introduction in evidence or is not introduced at the request of opposing counsel." LR 54.1(b)(5) TA is requesting $53.44 for copies of trial exhibits related to the first trial and $28.95 for copies of trial exhibits for the second trial. TA provides no support for why the copies were admitted into evidence for both trials in lieu of the originals. Thus, the clerk is unable to grant the taxation of these costs. The request for $53.44 and $28.95 is denied.

3. TA has requested $3,100.15 for the preparation of courtroom exhibits. These costs as stated are not specifically recoverable under Local Rule 54.1. Under LR 54.1(a)(2), "Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood."

It appears from examination of Exhibit 5 included in the Bill of Costs that the fees are for the preparation of photographic images. Such costs are recoverable under LR 54.1 (b)(6) which states in part, "The cost of photographs . . . is taxable if admitted into evidence, or attached to documents required to be filed and served on opposing counsel." TA has

not demonstrated these photographs to have been admitted into evidence or attached to documents required to be filed.  Thus, under Local Rule 54.1(b)(6) and 54.1(a)(2), these costs are denied.

4.  TA has requested a total of $7,816.40 to recover the cost of copies for document production.  Examination of Exhibit 6 attached to the bill of cost filed by TA shows the production by TA of Bates numbered documents. *Schering Corp. v. Amgen, Inc., 198 F.R.D. 422 (2001)* allows for the recovery of costs incurred while "copying documents in response to a discovery request." *Id* at 428  While these costs are not specifically recoverable under the Local Rules, LR 54.1 (b)(10) allows for the recovery of "costs other than those specifically mentioned . . . by reference to a statute or binding court decision."

Here, TA has requested these costs for document production and cited *Schering* as part of the authority for all copies of papers requested under the Bill of Costs.  As *Schering* is a binding court decision under LR 54.1 (b)(10), and as there is no objection to the recovery of these costs, these fees are granted.

The total costs hereby taxed in favor of TA and against Perkin, together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

| | | |
|---|---|---|
| 1. | Filing Fees......................................................... | $120.00 |
| 2. | Costs of Depositions ........................................ | DENIED |

| | | |
|---|---|---|
| 3. | Trial Witnesses .................................................. | $2,562.55 |
| 4. | Trial Transcripts ................................................ | DENIED |
| 5. | Copies of Papers ............................................... | $7,886.16 |
| | TOTAL | $10,568.71 |

Dated: April 4, 2005

                                      Peter T. Dalleo, Clerk
                                      U.S. District Court for the
                                      District of Delaware

                                      */s/ Brian T. Grace*
                                      By Brian T. Grace
                                            Deputy Clerk

cc:    The Honorable Sue L. Robinson
        Peter T. Dalleo, Clerk
        Richard K. Herrmann, Esq.
        Richard L. Horwitz, Esq.